J-S36005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN NYE | |
| Appellant | No. 169 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 12, 2017
In the Court of Common Pleas of Beaver County
Criminal Division at No.: CP-04-CR-0002186-2015

BEFORE: STABILE, J., KING, J. and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: NOVEMBER 30, 2022**

Appellant, Ryan Nye, appeals from an aggregate judgment of sentence of 11½—30 years' imprisonment imposed after he pled guilty to aggravated assault and persons not to possess firearms.[1]  Appellant contends that he is entitled to withdraw his guilty plea because he was "pressured" into accepting the plea and because he was innocent of the charges.  Appellant's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant counsel's petition and affirm the judgment of sentence.

On September 19, 2015, Appellant shot Cameron Cannon in the back after a fight, leaving Cannon paralyzed from the waist down.  Appellant was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702 and 6105, respectively.

charged with multiple offenses arising from this incident. On January 10, 2017, immediately prior to commencement of a jury trial, Appellant entered a guilty plea to aggravated assault, graded as a first-degree felony, and person not to possess firearm, graded as a second-degree felony, in exchange for an open plea recommendation by the Commonwealth. The record reflects that Appellant properly executed a written guilty plea colloquy form. Appellant testified that he understood he was pleading guilty to aggravated assault as a first-degree felony, and that the maximum penalty for this offense was twenty years' imprisonment. N.T., 1/10/17, at 6. The Commonwealth asked Appellant whether he admitted shooting Cannon in the back with a firearm. Appellant answered "yes." *Id.* at 6-7. Appellant further testified that he understood he was pleading guilty to person not to possess firearms as a second-degree felony, and that the maximum penalty for this offense was ten years' imprisonment. *Id.* at 7. The Commonwealth asked Appellant whether he admitted possessing a firearm on September 19, 2015, and that he was not able to possess a firearm due to a previous conviction. Appellant answered "yes." *Id.* at 7.

The court asked Appellant whether he was taking this action of his own free will. Appellant answered "yes." *Id.* at 8. Appellant admitted that the previous conviction was for possession with intent to deliver controlled substances, a felony. *Id.* Appellant admitted that nobody promised him anything other than what was mentioned in open court, and that his sentence could be consecutive or concurrent. *Id.* The court inquired whether Appellant

had any apprehension about entering his plea. Appellant answered "No." *Id.* at 9. The court inquired whether Appellant was entering this plea because he was guilty. Appellant answered "yes." *Id.*

The court accepted Appellant's guilty plea and ordered a presentence investigation report. Appellant signed the criminal information indicating his guilty plea to aggravated assault and person not to possess firearms. *Id.* at 10.

Following his guilty plea, but before sentencing, Appellant filed a *pro se* motion to withdraw his plea. As the basis for this motion, Appellant stated that he "felt [he] was rushed" into taking the plea "against [his] better judgment." Motion To Withdraw Guilty Plea, 2/8/17.

On April 8, 2017, the court held a hearing relating to Appellant's motion to withdraw his plea. Appellant testified during the hearing that he felt he was "rushed" and "pressured" into accepting the agreement. N.T., 4/8/17, at 8. Appellant added, "I later realized that it was all out of pressure. I felt that it was not just, you know what I mean, because it's my ignorance to the law as well and as far as my innocence." *Id.*

In a memorandum and order entered on April 17, 2017, the court denied Appellant's motion to withdraw his plea. On May 12, 2017, the court imposed sentence. Several days later, while still represented by counsel, Appellant filed a *pro se* post-sentence motion to withdraw his guilty plea. On August 28, 2017, the court denied Appellant's post-sentence motion.

On September 5, 2017, Appellant filed a notice of appeal to this Court. On August 27, 2018, this Court quashed Appellant's appeal. We held that Appellant's *pro se* post-sentence motion in May 2017 was a nullity because he was represented by counsel, and as a result, his notice of appeal in September 2017 was untimely.

Subsequently, Appellant filed a Post Conviction Relief Act ("PCRA")[2] petition accusing counsel of abandoning him by failing to file timely post-sentence motions or a timely notice of appeal. The PCRA court dismissed Appellant's petition without a hearing. Appellant appealed to this Court. On June 10, 2021, we vacated the order of dismissal and remanded for further proceedings. On January 27, 2022, the PCRA court granted reinstatement of Appellant's direct appeal rights *nunc pro tunc* so long as Appellant filed an appeal within the next thirty days. On February 7, 2022, Appellant appealed to this Court. Accordingly, we have jurisdiction to review this appeal as a direct appeal from Appellant's judgment of sentence.

On March 8, 2022, without first ordering Appellant to file a Pa.R.A.P. 1925 statement of matters complained of on appeal, the trial court filed a Pa.R.A.P. 1925 opinion recommending that we affirm Appellant's judgment of sentence.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

On June 17, 2022, counsel for Appellant filed an *Anders* brief and petition to withdraw as counsel. The *Anders* brief raises a single issue, "Whether there is any non-frivolous issue for appeal?" *Anders* Brief at 3.

In *Anders*, the United States Supreme Court addressed "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." *Id.*, 386 U.S. at 739. California had permitted Anders' attorney to withdraw based on a simple letter stating, "I will not file a brief … there is no merit to the appeal." *Id.* at 742. The Court held that California procedures violated the Fourteenth Amendment's principles of substantial equality and fair process.

Under *Anders*, in the event of a frivolous appeal, counsel may request and receive permission to withdraw without depriving the indigent defendant of his right to representation, provided certain safeguards are met. *Id.* at 741–42. Thus, counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous. *Commonwealth v. Dempster*, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*). Also, counsel must provide a copy of the *Anders* brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. *Id.*

Our Supreme Court has held that to withdraw from an appeal, counsel must file a brief pursuant to *Anders* that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to

anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2008). "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.** Additionally, counsel must send the appellant the **Anders** brief and petition to withdraw as well as a letter explaining that the appellant has the right to retain new counsel, proceed *pro se*, or raise any additional points. **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014).

Here, counsel's brief meets **Anders'** requirements. In addition, counsel sent Appellant his petition to withdraw and the **Anders** brief along with a cover letter that fully advised Appellant of his rights.

On August 1, 2022, Appellant filed a *pro se* "application for relief" claiming that counsel failed to raise several issues in his brief. On August 15, 2022, this Court denied Appellant's application for relief but granted Appellant thirty days to file a brief in response to the **Anders** brief and petition to withdraw. Appellant did not file any brief in response to this order.

Accordingly, we turn to the issue raised in counsel's **Anders** brief. The **Anders** brief asserts that counsel could not make any non-frivolous arguments in support of the claim that Appellant was entitled to withdraw his guilty plea. We agree.

We review the trial court's denial of Appellant's motion to withdraw his guilty plea for abuse of discretion. *Commonwealth v. Baez*, 169 A.3d 35, 39 (Pa. Super. 2017); *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017).

Appellant argues that the trial court abused its discretion in denying withdrawal of his plea because he felt "rushed" and "pressured" into accepting his plea. Moreover, at the hearing on his motion to withdraw, he stated, without any substantiation, that he was innocent of the charges. Neither of these arguments has merit.

Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal. The court should liberally exercise its discretion to permit withdrawal of the plea if two conditions are present: (1) the defendant demonstrates a fair and just reason for withdrawing the plea and (2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015); *Baez*, 169 A.3d at 39; *Islas*, 156 A.3d at 1188. Appellant fails to satisfy the first condition because he cannot demonstrate a fair and just reason to withdraw his plea. Thus, we need not analyze the second condition.

Appellant claimed during the hearing on his motion withdraw his guilty plea that he was innocent. A plausible claim of innocence, supported by some facts or evidence in the record, constitutes a fair and just reason for allowing pre-sentence withdrawal of a guilty plea. *Commonwealth v. Garcia*, 280

A.3d 1019, 1023, 1025-27 (Pa. Super. 2022); ***Islas***, 156 A.3d at 1191-92. Where, however, the defendant merely makes a bare assertion that he is innocent without any proffer of any supporting basis for that claim, the trial court in its discretion may deny withdrawal on the ground that the defendant has not shown a fair and just reason for withdrawal of the plea. ***Commonwealth v. Norton***, 201 A.3d 112, 120-23 (Pa. 2019); ***Carrasquillo***, 115 A.3d at 1292-93; ***Commonwealth v. Hvizda***, 116 A.3d 1103, 1105, 1107 (2015); ***Baez***, 169 A.3d at 39-41. Here, Appellant did nothing more than make a bare claim of innocence. N.T., 4/8/17, at 8 (Appellant's statement that he pled guilty because "it's my ignorance to the law as well and as far as my innocence"). He presented no evidence in support of his claim of innocence. In addition, during his guilty plea hearing, he admitted all facts underlying the offenses of aggravated assault (shooting the victim in the back) and person not to possess firearms (possessing a firearm despite having a prior felony for possessing a controlled substance with intent to deliver). Thus, the trial court acted within its discretion in concluding that Appellant's claim of innocence was not a sufficient reason to permit pre-sentence withdrawal of his guilty plea.

Next, Appellant claimed that he was entitled to withdraw his plea because he was pressured to plead guilty, *i.e.*, his plea was not voluntary. A guilty plea may be withdrawn, regardless of when the plea was entered or the motion to withdraw was filed, if the defendant shows that the plea was not voluntary and knowing. ***Commonwealth v. Hart***, 174 A.3d 660, 664, 669

(Pa. Super. 2017). To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charge to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charge to which he is pleading guilty, and the court's power to reject terms of a plea agreement. *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018); *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); Pa.R.Crim.P. 590, *cmt*. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination. *Reid*, 117 A.3d at 782; *Commonwealth v. Morrison*, 878 A.2d 102, 108-09 (Pa. Super. 2005) (*en banc*); Pa.R.Crim.P. 590, *cmt*. A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea. *Jabbie*, 200 A.3d at 506; *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017).

The record demonstrates that Appellant was not pressured into pleading guilty, and that his plea was voluntary and knowing. During the guilty plea hearing, Appellant stated that he understood the elements of aggravated assault and person not to possess firearms, and he confirmed that he understood the factual basis of his plea. Appellant also confirmed that he understood the maximum sentences he could receive for each offense and that there was no agreement concerning the sentence that he would receive.

In the written colloquy that he signed, Appellant was advised of his right to a jury trial and the presumption of innocence and confirmed that he understood those rights and was giving them up in pleading guilty. Written Guilty Plea Colloquy at 2. Appellant confirmed in his written plea colloquy that he understood that the trial court was not bound by the plea agreement, that nobody threatened or forced him to enter the pled agreement, and that nobody promised him anything to enter the agreement. *Id.* at 2-3. Appellant admitted during the guilty plea hearing that nobody promised him anything other than what was mentioned in open court, and that his sentence could be consecutive or concurrent. Appellant also admitted during the hearing that he had no apprehension about entering his plea. Accordingly, the trial court properly exercised its discretion by determining that Appellant was not pressured into pleading guilty.

After conducting a full examination of all the proceedings as required pursuant to *Anders*, we find no non-frivolous issues to be raised on appeal. We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2022